UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



John Edmond, )
)
    Plaintiff, )
)
v. )   Civil Action No. 17-2243 (UNA)
)
United States of America *et al.*, )
)
    Defendants. )
)

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has submitted a Motion for Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ("TRO/PI Motion"), accompanied by his complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application, deny the TRO/PI Motion, and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate

1

defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

In addition, "[t]he standard for issuance of the extraordinary and drastic remedy of a temporary restraining order or a preliminary injunction is very high . . . and by now very well established." *RCM Techs., Inc. v. Beacon Hill Staffing Grp.*, LLC, 502 F. Supp. 2d 70, 72-73 (D.D.C. 2007) (internal quotation marks and citation omitted). A court considering a plaintiff's request for a temporary restraining order or a preliminary injunction must examine whether: (1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by an injunction. *Davenport v. Int'l Bhd. of Teamsters, AFL-CIO*, 166 F.3d 356, 360 (D.C. Cir. 1999).

In the instant TRO/PI motion, plaintiff seeks an order to stop defendants United States of America, United States Postal Service ("USPC"), and Drug Enforcement Administration ("DEA") "from hacking into all of [his] electronic devices including the router." Mot. at 3 [Dkt. # 3]. He fails sorely to demonstrate his entitlement to any relief, let alone such extraordinary injunctive relief. In the accompanying complaint, plaintiff purports to sue under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80. He claims that this venue is proper

> because the conspiracy was developed in this jurisdiction, where the USPS with the cooperation of DEA architects created, conspired, recruited participants, designed and executed in the Defendants province of Washington, D.C.. Plus many of the violations such as stalking, harassment, fraud, breach of contract, Constitutional, Color of law and Civil Rights infractions occurred in this judicial district.

Compl. ¶ 5. Plaintiff introduces his purported claims as follows: "This civil complaint is a continuation of the John Edmond Vs United States Postal Service case in which the Washington

D.C. Court of Appeals consisting of now United States Supreme Court Judge Ruth Bader Ginsburg, Jurists Edwards and Silberstein ruled that Plaintiffs Edmond and Lyles were kidnapped by USPS."[1] Compl. ¶ 6. In more than 50 paragraphs spanning 13 pages, plaintiff alleges a myriad of wrongdoing by assorted entities that allegedly conspired against him. Plaintiff alleges, among other things, that "the coconspirators recruited Chase Bank employees to violate Plaintiff Edmond by suspending his bank card during June 2017 even though Edmond was and is current with all payments[,]" *id.* ¶ 7, that "the federal agents have infiltrated all aspects of [his] privacy [by] hacking into electronic devices which give them access to all private conversations that they are not entitled to[,]" and "[t]hen there's electronic harassment consisting of but not limited to the federal agency opening new accounts without authority, changing Google's passwords, accessing PNC's Bank account to decline overdraft protection [and] coconspirator the United States Postal Service still intercepting mail[.]" *Id.* ¶ 9.

Complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). A significant portion of the instant complaint

---

[1] In *Edmond v. United States Postal Service General Counsel*, 949 F. 2d 415, 422 (D.C. Cir. 1991), the circuit court did not "rule" as plaintiff suggests. Rather, in remanding plaintiff's case in part to the district court, the court observed: "Even the most passive listener could hardly have failed to hear appellants' plea: *in their own words*, that they were 'effectually kidnapped.' In short, they did enough to state and preserve for further airing a claim pursuant to the Detour-and-Delay theory." (Emphasis added.)

satisfies the foregoing standard. Otherwise, the complaint is "rambling, disjointed, incoherent, [and] full of . . . confusing material" and thus "does not meet [Rule 8's] liberal pleading requirement." *T.M. v. D.C.*, 961 F. Supp. 2d 169, 174 (D.D.C. 2013). Consequently, this action will be dismissed. A separate order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: November 20th, 2017